UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON MCKERCHIE,

       Plaintiff,

                                         Case No. 25-cv-10903

v.                                  Honorable Linda V. Parker

KOKOSING ALBERICI TRAYLOR, LLC,

       Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 18)

Plaintiff Brandon McKerchie filed this lawsuit against his former employer, Defendant Kokosing Alberici Traylor, LLC, claiming he was terminated from his position as a captain aboard Defendant's vessel, the M/V Shirley Ann, because he noted deficiencies with the vessel on forms which would be provided to the Coast Guard.  (ECF No. 1.)  Defendant has twice moved to dismiss Plaintiff's pleadings—motions which were subsequently denied as moot when Plaintiff filed an amended pleading.  Presently before the Court is Defendant's motion to dismiss Plaintiff's most recent amendment.  The motion is fully briefed.

### Background

According to Plaintiff's Second Amended Complaint, he was employed as a captain aboard Defendant's vessel, the M/V Shirly Ann.  (ECF No. 16 at

PageID.130 ¶ 2.)  Plaintiff was required to complete Safety, Health, and Environment forms, known as "Subchapter M" forms, which Defendant was required to turn into the U.S. Coast Guard.  (*Id*. at PageID.130-31 ¶ 6.)  On November 5, 2024, Plaintiff noted vessel deficiencies on Subchapter M forms, including the failure to maintain the vessel's steering mechanism resulting in a loss of steering while underway and debris and/or algae growing in the vessel's fuel tank requiring daily and sometimes hourly changing of fuel filters because the vessel would lose power and throttle while underway.  (*Id*. at PageID.131 ¶ 7.)  By noting these deficiencies on the Subchapter M forms, Plaintiff intended them to be reported to the Coast Guard.  (*Id*. ¶ 8.)

After becoming aware of Plaintiff's reports, Defendant administered a random drug test to Plaintiff on November 5, 2023, which he passed.  (*Id*. ¶ 12.)  Defendant nevertheless terminated Plaintiff's employment on November 7, 2024, for allegedly violating its substance abuse policy.  (*Id*. at PageID.131-32 ¶ 13.)

Plaintiff claims that his discharge was in violation of the Michigan Whistleblowers' Protection Act, Michigan Compiled Law § 15.362, which prohibits the discharge of an employee for reporting or being about to report a violation of a state, federal, or municipal law or regulation.  (*Id.* at PageID132 ¶ 17.)  Earlier in the Second Amended Complaint, Plaintiff states that "[t]his is an action in Admiralty per [Federal Rule of Civil Procedure] 9(h) concerning the

termination of a captain's employment upon navigable waters." (*Id.* at PageID.130 ¶ 1.)

### Defendant's Motion and Plaintiff's Response

Defendant argues that Plaintiff's claim under Michigan's Whistleblowers' Protection Act ("WPA") is time-barred, as the WPA requires a civil action to be filed within 90 days of the alleged violation. Mich. Comp. Laws § 15.363(1). Alternatively, Defendant argues that Plaintiff fails to state a claim under the WPA because, to invoke its protections, the employee must actually report, or be on the verge of reporting, a violation of law or regulation to a public body and the employer must be aware of that intent. Further, Plaintiff fails to indicate who made the decision to terminate him and that the decisionmaker knew about his whistleblowing activity. Defendant additionally argues that Plaintiff fails to establish federal subject matter jurisdiction because, despite referring to general maritime law, he asserts no maritime claim or federal cause of action. There are no facts alleged to establish diversity jurisdiction. Lastly, Defendant maintains that venue is improper because Plaintiff was employed in the Northern Division of the Western District of Michigan.

Plaintiff responds to most of Defendant's arguments by contending that, because this is a suit in admiralty, substantive admiralty law, including its three-year statute of limitations and venue provision apply. Plaintiff asserts that

"[c]ourts sitting in admiralty may apply state law 'absent a clear conflict with federal law." (ECF No. 19 at PageID.176 (citations omitted).)  Plaintiff maintains that his allegations are sufficient to show that he intended to report a violation to the Coast Guard.

## Discussion

This Court begins with Defendant's jurisdictional argument because, lacking jurisdiction, the Court is unable to reach its alternative arguments for dismissal. *Houchens v. Beshear*, 850 F. App'x 340, 342 (6th Cir. 2021) (quoting *Wayside Church v. Van Buren Cnty.* 847 F.3d 812, 817 (6th Cir. 2017)) ("The court must 'consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction.'")  Plaintiff rests federal subject matter jurisdiction exclusively on admiralty.[1]  (*See* ECF No. 16 at PageID.130 ¶ 4.)  Plaintiff bears the burden of establishing federal subject matter jurisdiction over his lawsuit.  *Pararotta v. Island Resort & Casino*, 155 F.4th 879, 880 (6th Cir. 2025) (citing *Ladd v. Marchbanks*, 971 F.3d 574 F.3d 574, 577 (6th Cir. 2020)).

Article III of the United States Constitution extends the power of the federal courts "to all Cases of admiralty and maritime Jurisdiction . . .." U.S. Const. art. III, § 2.  Congress has vested federal district courts with original jurisdiction over

---

[1] Plaintiff does not suggest an alternative basis for subject matter jurisdiction even in response to Defendant's motion, where Defendant notes that Plaintiff has not alleged diversity jurisdiction.  (ECF No. 18 at PageID.159.)

all civil admiralty and maritime cases.  *See* 28 U.S.C. § 1331(1).  "It is clear that the judicial power of the United States has the task of defining the limits of admiralty jurisdiction within the general language and history of the constitutional grant.  But it is equally clear that defining those limits has been and is anything but simple."  *Exec. Jet. Aviation, Inc. v. City of Cleveland*, 448 F.2d 141, 158 (6th Cir. 1971); *see also id.* at 160 (quoting *United States v. Evans*, 195 U.S. 361, 365 (1904)) ("The precise scope of admiralty jurisdiction is not a matter of obvious principle or of very accurate history.").

"[A]dmiralty is a limited jurisdiction, and not every claim comes within its reach merely because of some attenuated connection to travel upon the water." *McMichael v. Falls City Towing Co.*, 199 F. Supp. 3d 632, 634 (W.D. Ky. 2002) (citing *Atl. Transp. Co. v. Imbrovek*, 234 U.S. 52, 60-61 (1941)) (questioning whether maritime jurisdiction would extend to a suit for defamation which occurred on a ship).  The Framers of the Constitution intended federal admiralty law to "embod[y] the principles of the general maritime law, sometimes called the law of the sea, with modifications and supplements adjusting it to conditions and needs on this side of the Atlantic."  *Panama R.R. Co. v. Johnson*, 264 U.S. 375, 386 (1924).  "After the Constitution went into effect, the substantive law theretofore in force was not regarded as superseded or as being only the law of the several states, but as having become the law of the United States—subject to

power in Congress to alter[,] qualify[,] or supplement it as experience or changing conditions might require." *Id.*

Historically, maritime law reached injuries "upon the high seas or navigable waters." *Victory Carriers, Inc v. Law*, 404 U.S. 202, 206 (1971) (quoting *Atl. Transp. Co.*, 234 U.S. at 60).  Congress, however, has supplemented or extended that reach through legislation.  For example, Congress passed the Admiralty Extension Act of 1948, 46 U.S.C. § 30101, which expanded the federal courts' admiralty jurisdiction to injuries "caused by a vessel on navigable water, notwithstanding that such damage or injury be one or consummated on land."  It also passed the Seaman's Wage Act, 46 U.S.C. § 10313, to provide a cause of action for seamen to recover unpaid wages, and the Jones Act, 46 U.S.C. §§ 30101 *et seq.*, to provide a cause of action in negligence for seamen injury in the course of employment.

In response to the Fifth Circuit Court of Appeals' holding in *Donovan v. Texaco, Inc.*, 720 F.2d 825 (1983), that a seaman terminated for reporting safety violations to the Coast Guard had no cause of action against his employer, Congress enacted the Seaman's Protection Act, 46 U.S.C. § 2114.  The Seaman's Protection Act prohibits retaliation against seamen who inform the Coast Guard of dangerous situations.  *See id.*  However, Plaintiff does not mention this federal

statute in his pleadings or in his brief in response to Defendant's motion.[2]  Instead, as indicated, he attempts to invoke admiralty jurisdiction based on a State statute.

As the district court observed in *McMichael*, "[a]dmiralty jurisdiction over state *labor* law claims is, at best, uncertain.  Outside the tort context, courts have been reluctant to find admiralty jurisdiction in cases where interpretation of a state statute is necessary for resolution."  199 F. Supp. 2d at 635.  In response to Defendant's motion, Plaintiff does nothing to convince the Court that "admiralty jurisdiction" arises over his WPA claim.  It is Plaintiff's burden to establish that admiralty jurisdiction is proper.

For these reasons, the Court concludes that it lacks federal subject matter jurisdiction over this lawsuit, which alleges only a violation of state law.  Without jurisdiction, the Court is unable to address Defendant's remaining arguments for dismissal.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (ECF No. 18) is

---

[2] Defendant shares that Plaintiff initiated a whistleblower complaint alleging retaliatory termination with the Occupational Safety and Health Administration, which administers complaints under the Seaman's Protection Act, 46 U.S.C. § 2114.  When Defendant filed its motion to dismiss, those administrative proceedings were ongoing.

**GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 1, 2026